IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MOISES EUFELIO MARTINEZ, JR.,

    Movant/Defendant,

v.                                                                           No. 18-cv-0880 KG/SMV
                                                                              No. 17-cr-1643 KG

UNITED STATES OF AMERICA,

    Respondent.

<u>MEMORANDUM OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S
PROPOSED FINDINGS AND RECOMMENDED DISPOSITION</u>

THIS MATTER comes before the Court on Magistrate Judge Stephan M. Vidmar's Proposed Findings and Recommended Disposition to Deny Petitioner's Motion Under § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 11)[1] ("PFRD") and Petitioner Moises Eufelio Martinez, Jr.'s objections to the PFRD (Doc. 12). The United States has not yet responded, and its response is not needed to consider the objections. Having reviewed the record in this case, the Court overrules Petitioner's objections and adopts the magistrate judge's recommendation to deny his Motion to Vacate.

I.    Background

On January 5, 2017, Petitioner was arrested for possession with an intent to distribute 50 grams or more of a substance containing a detectable amount of methamphetamine and aiding and abetting, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B) and 18 U.S.C. § 2. [Doc. 7] at 1. He pleaded guilty to both charges. (CR Doc. 27). The Court sentenced him to 108 months'

---

[1] Unless otherwise indicated, a citation to the record refers to documents in Petitioner's civil case, not the underlying criminal case.

incarceration and a supervised release period of four years. (CR Docs. 35, 36). The Court based this sentence in part on (1) a two-level enhancement of his base offense level for maintaining a place (his recreational vehicle ("RV")) for the purpose of distributing a controlled substance, and (2) a base offense level calculated using methamphetamine found in a hotel room. *See* (Doc. 7) at 5.

In his Motion to Vacate, Petitioner, proceeding pro se, argues that his counsel's failure to object to the enhancement based on the RV methamphetamine and the base offense level calculated using the hotel methamphetamine amounted to ineffective assistance of counsel. (Doc. 1) at 16–19. He argues that his RV was not a place maintained to distribute controlled substances because it was his home. *Id.* at 16. He also contends that the hotel methamphetamine did not belong to him and claims that his counsel should have requested an evidentiary hearing to determine who owned it. *Id.* at 16–19. In his PFRD, Judge Vidmar recommended rejecting each of these arguments. He found that Petitioner failed to meet his burden to show a reasonable probability existed that the result of the proceeding would have been different if counsel had made these objections. (Doc. 11) at 6–10. Because Judge Vidmar found that no relevant factual disputes existed, and that the existing record conclusively showed that Petitioner was not entitled to relief, he also recommended finding that Petitioner was not entitled to an evidentiary hearing. *Id.* at 11.

II.     Standard of Review

When a party files timely written objections to the magistrate judge's recommendation, the district court will conduct a de novo review and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3). "A judge of the court shall make a de novo determination of those

portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1).

The Court must liberally construe a pro se party's objections. *Robinson v. Los Alamos Nat'l Sec., LLC*, No. 15-cv-0839 KG/LF, 2016 WL 10720429, at *1 (D.N.M. Jan. 12, 2016). Nonetheless, to preserve an issue for de novo review, "a party's objections to the magistrate judge's report and recommendation must be both timely and specific." *United States v. One Parcel of Real Prop., With Buildings, Appurtenances, Improvements, & Contents, Known as: 2121 E. 30th St., Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). "[O]nly an objection that is sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute will advance the policies behind the Magistrate's Act . . . ." *Id.*

III. Discussion

Although Petitioner's objections to the PFRD are timely, *see* (Doc. 12), they contain no specific factual or legal points of contention with the PFRD. Rather, Petitioner broadly states that he "objects to Part IV. Analysis" of the PFRD, then restates the standard for determining prejudice under *Strickland*. *Id.* at 2. He fails to explain how Judge Vidmar erred in concluding that he suffered no prejudice due to his counsel's allegedly deficient performance. Petitioner's objections lack the specificity necessary to narrow this Court's attention to any disputed factual and legal issues, and the Court overrules them for this reason.

To the extent the Court can discern any arguments suggesting that Judge Vidmar erred, the Court rejects them. For example, Petitioner takes umbrage with the speed with which Judge Vidmar filed his PFRD. (Doc. 12) at 1–2. He suggests that because Judge Vidmar filed his PFRD one day after Petitioner filed his Reply, "the record was not complete before the magistrate judge

3

made his decision." *Id.* at 2. To the contrary, Judge Vidmar began his PFRD by noting, "Petitioner replied on September 10, 2019." (Doc. 11) at 1. He states that he "[has] considered the briefing [and] the relevant portions of the record." *Id.* The Court is satisfied Judge Vidmar considered the record and entire briefing, including Petitioner's Reply in his analysis. Moreover, the Court has reviewed Petitioner's Reply and finds that it does not affect the outcome of this case.

Petitioner also seems to assert that Judge Vidmar erred by concluding that the result of the proceeding would not have been different if his counsel had raised the objections at issue. Without citing any authority, Petitioner states that the "prejudice calcculus [sic] does not involve an inquiry into the strength of the evidence against the defendant." (Doc. 12) at 2. The Court does not agree. *See Wiggins v. Smith*, 539 U.S. 510, 534 (2003) ("In assessing prejudice, we reweigh the evidence . . . against the totality of available . . . evidence."); *Carter v. Bigelow*, 787 F.3d 1269, 1285 (10th Cir. 2015) ("*Strickland* requires us to examine 'the totality of the evidence' in assessing whether counsel's errors were prejudicial." (quoting *Strickland v. Washington*, 466 U.S. 668, 695 (1984))). A court reviewing an ineffective-assistance-of-counsel claim may properly determine that no prejudice resulted because, had the attorney raised the argument in dispute, the argument would not have succeeded. If the argument would not have succeeded, then "a reasonable probability that . . . the result of the proceeding would have been different" does not exist. *Strickland*, 466 U.S. at 694. Judge Vidmar recommended finding that, if Petitioner's counsel had objected to the sentencing enhancement based on the RV methamphetamine, the sentencing judge would have overruled that objection. *See* (Doc. 11) at 6–10. He then recommended finding that, if counsel had objected to a calculation of the base offense level using the hotel methamphetamine,

the sentencing judge would have overruled that objection as well.  Such an analysis is a proper method of determining that Petitioner suffered no prejudice.[2]

Finally, Petitioner appears to object to Judge Vidmar's recommendation that the Court deny his request for an evidentiary hearing.  He argues, "[I]f the Court cannot decide the issue of Defendant's case clearly and without doubt, then the Court should grant an evidentiary hearing . . . ."  (Doc. 12) at 4.  Petitioner fails to explain why the Court cannot decide the case based upon the existing record.  For the reasons explained in Judge Vidmar's PFRD, the Court finds that the existing record permits it to determine that Petitioner suffered no prejudice from his attorney's allegedly deficient performance.  *See* (Doc. 11) at 11–12.

IV. Conclusion

For the foregoing reasons, Petitioner's objections (Doc. 12) are overruled.

IT IS THEREFORE ORDERED that the Magistrate Judge's Proposed Findings and Recommended Disposition to Deny Petitioner's Motion Under § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 12) is ADOPTED by the Court.

IT IS FURTHER ORDERED that Petitioner's Motion to Under § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 11) is DENIED and that this action is DISMISSED with prejudice.

IT IS SO ORDERED.

_____
UNITED STATES DISTRICT JUDGE

---

[2] Additionally, Judge Vidmar recommended that the Court deny Petitioner's Motion with respect to the RV methamphetamine because Petitioner failed to apply the operative test to determine if his RV met the enhancement. (Doc. 11) at 7.  This recommendation did not rely on "an inquiry into the strength of the evidence against" Petitioner. Petitioner does not object to this finding.  This reason suffices to reject Petitioner's claim that he received ineffective assistance of counsel when his attorney failed to object to the sentencing enhancement related to the RV methamphetamine.

5